## Machado, Leslie P.

| | |
|---|---|
| **From:** | Machado, Leslie P. |
| **Sent:** | Thursday, May 31, 2018 6:00 PM |
| **To:** | 'kkoc@reaveylaw.com' |
| **Cc:** | 'preavey@reaveylaw.com'; Davis, Betsy; 'abaggott@dysarttaylor.com' |
| **Subject:** | Austin v. JCP, et al., No. 2:18-cv-02207-JAR-TJJ (D. Kan.) |
| **Attachments:** | Austin, Sondai.pdf; Rules of Arbitration.pdf |

Kevin:

It was good speaking with you earlier this week. As discussed, we have been retained to represent JCPenney and Ms. Torrez in connection with the suit filed by your client, Ms. Austin. I will be assisted by my partner, Betsy Davis, who is copied on this message. Anne Baggott of Dysart Taylor, also copied on this message, will be our local counsel. Please copy all three of us on communications going forward.

As an initial matter, Ms. Austin electronically signed an arbitration agreement at the inception of her employment with JCPenney. A copy of the agreement is attached, along with the JCPenney Rules of Arbitration. Please review and let me know if Ms. Austin is willing to dismiss the federal court suit and refile it with the AAA, so that we can avoid motion practice. I will be happy to accept service of the Demand for Arbitration and will facilitate the initiation of the arbitration with the AAA.

I'd appreciate a response by June 7. Thanks, les.

**Leslie Paul Machado**
**Attorney at Law**
LECLAIRRYAN
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
(703) 647-5928 Direct
(703) 684-8075 Fax
Leslie.Machado@leclairryan.com
https://www.leclairryan.com

Blog | Twitter | Bio

Please consider the environment before printing this email.



1

Binding Arbitration

Austin,Sondai L.          EmplID: 00007532782     Location:   04328

# ARBITRATION OF EMPLOYMENT DISPUTES

The jcpenney Rules of Employment Arbitration create short, efficient and inexpensive procedures for resolving covered disputes. To the extent permitted by law, the Rules prohibit multi-party litigation such as class actions. The Rules do not, however, eliminate claims, causes of action or remedies.

Click on the link below to read the jcpenney Rules of Employment Arbitration. The rules will open in a separate browser window. After you have finished reading the Rules, close the other browser window to return to this form.

Rules of Arbitration

**BINDING MANDATORY ARBITRATION AGREEMENT**

I am employed by J.C. Penney Corporation, Inc. or one of its direct or indirect subsidiaries, sister corporations or its parent corporation, J.C. Penney Company, Inc.

My employer and I voluntarily agree to resolve disputes arising from, related to, or asserted after the termination of my employment through mandatory binding arbitration under the jcpenney Rules of Employment Arbitration. My employer and I voluntarily waive the right to resolve these disputes in courts.

I acknowledge that I was given the opportunity to review the Rules and consult with an attorney prior to signing this Agreement. I understand that I will, however, be bound by this Agreement and the Rules once I sign electronically, regardless of whether I have reviewed the Rules, or consulted with an attorney, prior to signing. I hereby agree to arbitrate disputes covered by and pursuant to the jcpenney Rules of Employment Arbitration.

Check the box below and click on the Accept button below to electronically sign this form. By signing this form, you agree to the Binding Mandatory Arbitration Agreement.

  Signed by:  Austin,Sondai L.
        on:  10/28/2013

Agreed to on behalf of the employer, J.C. Penney Company, Inc., J.C. Penney Corporation, Inc., or one of their subsidiaries.

> By Brynn Evanson, as an Officer of
> J.C.Penney Corporation, Inc. and
> J.C.Penney Company, Inc.

← Return to Search                    Update/Display

JCPENNEY RULES OF EMPLOYMENT ARBITRATION – Revised 3-23-2011

Rule 1. Selection and Payment of Program Administrator; Applicability of Neutral's Rules. 1
Rule 2. Definitions. ................................................................................................................ 1
Rule 3. Scope of Agreement; Purpose of Rules, Applicable Law; Guidelines for
Interpretation; Arbitrator's Authority to Modify. ........................................................ 2
Rule 4. Deadline to Make Claims. ......................................................................................... 3
Rule 5. Commencement of Cases. ....................................................................................... 3
Rule 6. Contents of Complaint. ............................................................................................. 4
Rule 7. Requests for Injunctive Relief; Court Proceedings Thereon. .................................... 4
Rule 8. Representative Actions Prohibited; Exceptions. ....................................................... 4
Rule 9. Contents of Answer; When Due. .............................................................................. 4
Rule 10. Service of Pleadings after Initial Complaint; Form of Pleadings & Motions. ........... 5
Rule 11. Selection of Arbitrator; Qualifications. ..................................................................... 5
Rule 12. Motions to Dismiss. ................................................................................................. 5
Rule 13. Discovery. ............................................................................................................... 6
Rule 14. Expert Witness Disclosures, Depositions & Certification. ....................................... 6
Rule 15. Motions for Summary Judgment. ............................................................................ 6
Rule 16. Pre Hearing Statements; Limitations on Witnesses & Exhibits; Bifurcation. .......... 7
Rule 17. Hearing on Merits; Rules of Evidence; Presentation of Witnesses; Locations. ..... 7
Rule 18. Closing of Hearing; Rendition of Award. ................................................................ 8
Rule 19. Appeals and Enforcement of Orders. ..................................................................... 8
Rule 20. Effect of Serving Pleadings; Sanctions; Costs. ...................................................... 8
Rule 21. Amendment of Rules. ............................................................................................. 9

Rule 1. Selection and Payment of Program Administrators; Applicability of Neutral's Rules.

A. JCPenney will select Program Administrators from among recognized neutral arbitration service providers, such as JAMS, NAM and the AAA.

B. Each Program Administrator will provide arbitrators for a geographic area no smaller than a State.

C. JCPenney may select a replacement Program Administrator for any State, at any time. However, only Complaints served 90 days after a replacement Program Administrator is selected will be referred to the replacement Program Administrator for handling. All Complaints served within the 90 day period will continue to be referred to the previous Program Administrator for handling.

D. To the extent they are not displaced by or inconsistent with the JCPenney Rules of Employment Arbitration, rules promulgated by the Program Administrator for employment disputes will supplement the JCPenney Rules.

E. JCPenney will pay all fees of the arbitrator and the Program Administrator.

F. Neither the Program Administrator or the arbitrator is a necessary party to any judicial proceeding related to the Case, and neither will be liable to any Party for any act or omission in connection with the Case.


Rule 2. Definitions.

"Agreement" refers to the Binding Mandatory Arbitration Agreement between JCPenney and any individual who signs it, electronically or otherwise.

"Associate" refers to a former employee of JCPenney.

"Case" refers to an arbitration proceeding commenced under these Rules.

1

"Claimant" refers to the Party commencing a Case.

"JCPenney" refers to J.C. Penney Company, Inc. and its direct and indirect subsidiaries, including, without limitation, J.C. Penney Corporation, Inc., and its retail and e-tail subsidiaries.

"Party" refers to JCPenney or the Associate who are Parties to a Case or the Agreement.

"Program Administrator" refers to a firm, non-profit association or other group of neutrals selected to provide arbitrators and administrative services under Rule 1.

"Rules" refers to these JCPenney Rules of Employment Arbitration.

"Working day" refers to weekdays other than those designated as bank holidays.

All personal pronouns ( e.g., he, she, hers, his, its, etc.) refer to all genders, and the singular refers to the plural, and vice versa.

**Rule 3. Scope of Agreement; Purpose of Rules, Applicable Law; Guidelines for Interpretation; Arbitrator's Authority to Modify.**

A. Matters not subject to arbitration under the Agreement and Rules are claims:

1. for unemployment compensation;
2. for workers compensation (except claims for retaliation for exercising rights under workers compensation laws).
3. under any pension or welfare benefit plan (except lost benefits may be recoverable as damages in an arbitration Case).
4. under the National Labor Relations Act and similar laws involving unions.

B. The parties agree to arbitrate all other claims under these Rules, including claims for:

1. discrimination, including harassment and hostile work environment;
2. retaliation for exercising protected rights;
3. breach of contract and implied covenants;
4. wrongful termination;
5. constructive discharge;
6. breach of common law obligations or duties;
7. exceptions to the employment-at-will doctrine; and
8. any claim listed above brought against a supervisory or management employee of JCPenney explicitly or implicitly alleged to be have been acting in the course and scope of her employment.

C. The Agreement and Rules are designed for the fair and efficient resolution of employment disputes, but may not be construed to increase or create substantive rights.

1. The employment relationship between the Parties remains at-will. Either Party may end the relationship at any time, for any reason, or for no reason. Good or just cause is not required to discharge an employee or withdraw from the employment relationship.

2. No alteration of the at-will relationship may be implied by or from the Agreement or these Rules. Employment contracts altering the at-will relationship may only be entered on behalf of JCPenney in writing and by the officer of the Company with overall responsibility for human resource matters.

3. The rights of Associates to file Charges of Discrimination with the EEOC, as well as state and local fair employment practice agencies, are not affected by these Rules. Associates are not, however required to file Charges of Discrimination or obtain Right To Sue letters to preserve their rights before commencing a Case under these Rules.

4. When deciding a Case, the arbitrator must apply the same substantive law that would be applied by a U.S. District Court judge sitting where the events giving rise to the Case took place. The arbitrator may grant any remedy, including damages and permanent injunctive relief, that could be granted by the judge.

D. While court rules are designed to accommodate a broad range of disputes, the JCPenney Rules of Employment Arbitration are designed solely for the fair and efficient adjudication of employment disputes. The arbitrator must interpret and apply these Rules, and exercise the discretion granted to him by these Rules, to achieve fairness and efficiency.

E. Once a Case begins, the Parties may agree in writing to alter any of these Rules, except Rules relating to the arbitrator's compensation and liability, and the Parties' agreement is binding upon the arbitrator.

F. The Agreement and Rules do not displace internal JCPenney programs such as Peer Review and the Open Door policy.

G. The arbitrator may shorten or extend any deadline created by these Rules, and increase or decrease any limitation on discovery, witnesses and exhibits, for good cause shown.

**Rule 4. Deadline to Make Claims.** The Agreement and Rules are not intended to affect statutes of limitations. The deadline for Parties to assert a claim under the Rules is the deadline that would apply if the claim were made in court.

A. When an Associate asserts a claim that would ordinarily require the filing of a Charge of Discrimination as a prerequisite, but the Associate does not wish to file a Charge and wait for a Right To Sue letter, the deadline for asserting the claim is the same as the deadline for filing the Charge would have been.

B. Statutes of limitations and similar deadlines not created by these Rules can only be tolled by actual delivery of a Complaint and the required administrative fee, if any, to the opposing Party.

C. While these Rules do not give an arbitrator discretion to extend a statute of limitations, they do not prohibit an arbitrator from applying substantive law that would have the effect of extending a statute of limitations in a particular Case.

**Rule 5. Commencement of Cases.** Cases begin with actual delivery of a Complaint to the opposing Party.

A. By an Associate. Complaints may be faxed, emailed or mailed to address below. An administrative fee of $75 payable to JCPenney must accompany the Complaint, or be received at the address below within 10 working days. The Case shall not be considered commenced unless the administrative fee is received on time. An administrative fee submitted with an NSF check is not considered "received."

JCPenney Legal Dept.
P.O. Box 10001
Dallas, TX 75301-1122
Attn: Docketing Clerk
972 431-1133 or 1134 (fax)
arbitration@JCPenney.com

B. By JCPenney. Complaints may be delivered to an Associate at any work or home address known to be in use by the Associate by fax, email or mail.

**Rule 6. Contents of Complaint.** Complaints must contain the name and address of the Claimant, and:

A. The Associate's employee identification number, and the name and location of the place where the Associate works or last worked for JCPenney.

B. The name, business address, email and phone number of the Claimant's attorney. If the Claimant is unrepresented, she must provide her email address and phone number.

C. A list of the legal claims or causes of action being asserted.

D. Allegations of fact showing the existence of the essential elements of each legal claim or cause of action being asserted.

E. An itemization of the damages and other relief sought.

F. A designation of the city where the Claimant wants the hearing held.

**Rule 7. Requests for Injunctive Relief; Court Proceedings Thereon.** Courts being more adept with requests for temporary restraining orders and preliminary injunctive relief, Parties must continue to seek such relief from courts. However:

A. A Party obtaining a temporary restraining order or preliminary injunction from a court may not seek extensions of such orders until and unless it files an arbitration Complaint. Such a party must, instead, commence a Case under these Rules.

B. The court proceeding must be dismissed once an arbitrator is appointed, and the arbitrator will have sole authority to determine whether any TRO or preliminary injunction should remain in effect pending his decision on permanent relief.

C. Parties may only seek permanent injunctions in a Case commenced under these Rules.

**Rule 8. Representative Actions Prohibited; Exceptions.** There may only be one Claimant per Case.

A. To the extent permitted by law, the Parties waive their rights to bring class and representative actions.

B. A Party may challenge the efficacy of this waiver to a particular case or situation by filing a class or representative action in court.

C. The opposing Party may then agree to the right of the other Party to proceed by class or representative action by voluntarily going forward with the litigation in court.

D. Alternatively, the opposing Party may file a timely motion to dismiss or stay the lawsuit pending arbitration, and have the court determine whether the waiver made herein bars the particular class or representative action before it.

**Rule 9. Contents of Answer; When Due.** Answers are due 45 working days after receipt of the Complaint.

A. Answers must include:

  1. The name of the Party filing the Answer, and either her or her attorney's physical address, email address, phone number and fax number;

  2. Statements denying or admitting the allegations of the Complaint. All denials are presumed to be made on information and belief. General denials are permitted.

  3. An explanation of deficiencies in the Complaint that justify immediate dismissal, such as: (1) failing to allege facts necessary to show the existence of an essential element of an asserted claim or cause of

4

action; (2) asserting a claim or cause of action that does not exist under applicable law; and (3) making a time-barred claim.

4. Any counter Complaint and counter designation of the hearing location the Party wishes to assert.

B. Within 3 working days of receiving or serving an Answer, JCPenney must send the Complaint and Answer to the Program Administrator, together with any filing fees required by the Program Administrator to commence administration of a Case.

**Rule 10. Service of Pleadings after Complaint; Form of Pleadings & Motions.**

A. Each Party must maintain an email address.

B. All pleadings and other communications must be served by sending them to the opposing Party's email address. Voluminous attachments and other documents may, however, be served by fax or mail if attaching copies to email is inconvenient or unduly expensive.

A. The only requirements for pleadings are that they identify the relief sought and identify the sender by name, Party represented, email address and phone number.

B. Copies of discovery requests and responses should not be sent to the arbitrator except as exhibits to motions or for use at a hearing.

C. A Party filing or opposing a motion must either request a telephone hearing, or ask that the motion be decided without a hearing.

**Rule 11. Selection of Arbitrator; Qualifications.** Upon receipt of a Complaint and Answer, the Program Administrator will send the Parties a list of 7 arbitrators available for the city designated in the Complaint as the location for the arbitration hearing.

A. The list will be populated in this order:

1. First, former federal district court judges will be listed.

2. If necessary to reach 7 names, former federal district court magistrates and state court judges will thereafter be listed.

3. Then, licensed attorneys who have significant experience trying employment dispute cases will be listed. (Experience in labor arbitrations and union contract disputes is not considered experience with employment dispute cases.)

B. Ten working days after receipt, each Party may strike three names from the list without serving his strikes upon the opposing Party.

C. From the un-stricken names, the Program Administrator will select a single arbitrator. If conflicts of interest prevent all un-stricken arbitrators serving, the selection procedure will be repeated with a new list, until an arbitrator is selected.

D. Before serving, the arbitrator must take the following oath: "I promise to arbitrate the dispute between the Parties in accordance with the JCPenney Rules of Employment Arbitration."

**Rule 12. Motions to Dismiss.** Motions to dismiss may be filed at any time. Oppositions must be filed 10 working days after receipt of a motion.

A. The arbitrator must grant a motion to dismiss any claim or cause of action for which relief could not be granted by a U.S. District Court judge sitting where the events giving rise to the case took place. (For example, in an employment-at-will state, the arbitrator must dismiss a claim of wrongful or unfair discharge.)

5

B. The arbitrator must grant a motion to dismiss when insufficient facts are alleged to show each essential element of a claim or cause of action. Before granting the motion, however, the arbitrator must explain why the allegations are insufficient, and give the Claimant or cross-Claimant leave to amend.

**Rule 13. Discovery.** After service of the Answer, a Party may obtain discovery of any non-privileged information and records reasonably likely to lead to admissible evidence, and may use any method of discovery permitted by the Federal Rules of Civil Procedure, subject to the following:

A. A Party is limited to 15 interrogatories, 15 requests for production, and 15 requests for admissions.

    1. Contention interrogatories are permitted.

    2. Records must be produced by sending them to the requesting Party. If the records are too voluminous to be conveniently transmitted via email, they may be mailed to the requesting Party. If the cost of photocopying and mailing exceeds $50, the requesting Party must advance half the cost in excess of $50 to the producing Party before the records are mailed.

    3. Records may be produced in the form most convenient to the producing Party.

    4. Records must be produced in a form designated by the requesting Party if the cost of production, including labor, does not exceed $250, or the requesting Party advances half the cost of production in excess of $250 to the producing Party.

    5. Responses to discovery requests are due 25 working days after receipt.

B. A Party is limited to 3 non-expert depositions, totaling no more than 16 hours. Depositions may be taken in person, by phone, or by teleconference, but must be taken before a licensed court reporter sitting with the deponent.

**Rule 14. Expert Witness Disclosures, Depositions & Certification.** Each Party may call up to 2 expert witnesses. Treating medical and mental health care professionals and physicians are considered expert witnesses. At least 45 working days before a hearing on the merits, a Party planning to call an expert witness must make the following disclosures.

A. Expert's name, address, curriculum vitae and

    1. The last five cases the expert testified in.

    2. The opinion the expert intends to offer at trial.

    3. The basis for the opinion, including the facts and information sources the expert relies upon, and all records he reviewed and was given to review.

    4. The fee charged by the expert, and the extent to which it has been paid.

B. Within 20 working days of the disclosure, the opposing Party must make the same disclosures concerning any rebuttal expert.

C. Experts may be deposed anytime after disclosure.

**Rule 15. Motions for Summary Judgment.** The arbitrator must decide a motion for summary judgment under the standards applicable in the U.S. District Court district where the events giving rise to the Case occurred.

A. Motions for summary judgment must be filed at least 55 working days before the hearing on the merits.

B. Oppositions are due 10 working days after service of the motion.

C. Within 20 working days of receipt of the opposition, the arbitrator must rule separately on each individual claim, cause of action or defense that the motion seeks to dismiss or strike, and must specify each genuine issue of material fact that precludes summary judgment.

**Rule 16. Pre Hearing Statements; Limitations on Witnesses & Exhibits; Bifurcation.** The Parties will exchange pre-hearing statements 20 working days before a hearing on the merits.

A. Pre hearing statements must contain or attach:

1. A list of the claims, causes of action and defenses the Party intends to present.
2. A list of deposition pages the Party intends to introduce into evidence.
3. Proposed findings of fact and conclusions of law, with appropriate citations.
4. A list of witnesses the Party intends to call, indicating how each will be presented (e.g., live, video conference, telephone, affidavit). Each Party is limited to 7 witnesses.
5. The exhibits the Party intends to use. Each Party is limited to 200 pages of exhibits.
6. Rebuttal witnesses and exhibits do not need to be disclosed, and do not count against witness and page limitations.

B. Objections to deposition pages and exhibits are due 10 working days before the hearing. Responses to objections are due 5 working days before the hearing. Deposition pages and exhibits to which there is no objection, as well as those subject to objections overruled by the arbitrator, are deemed admitted into evidence.

C. As early as practical, but no later than 15 working days before a hearing, either Party may require bifurcation, after which issues of liability will be heard and decided first. When bifurcation occurs more than 20 days before pre-hearing statements are exchanged, initial pre-hearing statements will be limited to liability issues.

**Rule 17. Hearing on Merits; Rules of Evidence; Presentation of Witnesses; Locations.**

A. The Federal Rules of Evidence govern, except as modified by these Rules.

1. All depositions are admissible, but deposition testimony is subject to objection as if it were live testimony.

2. Unless reasonably challenged as unreliable, business records and records of past recollection recorded are admissible without authentication or foundation.

3. The arbitrator must exclude evidence that is irrelevant, needlessly redundant, or offered to prove uncontested matters.

B. JCPenney must make its current employees available to testify without subpoena, but may elect to make such employees available by video conference or phone. Either Party may present witnesses in person, by video conference, over the phone, by deposition, or by affidavit.

1. An arbitrator who cannot assess a witness' credibility as presented may require the witness to testify by other means, including live testimony, if credibility is vital to the determination of a contested issue. The arbitrator must, however, give the proponent of the testimony a reasonable amount of time to schedule the testimony, even if doing so requires scheduling an additional hearing day.

2. When affidavit or deposition testimony is reasonably contested, the arbitrator may order the witness made available for cross examination. The arbitrator must, however, give the proponent of the testimony a reasonable amount of time to produce the witness, even if doing so requires scheduling an

additional hearing day. If the proponent of the testimony does not produce the witness in the manner ordered, contested testimony must be stricken.

C. The arbitrator may conduct any hearing in multiple locations and by multiple means, including video and phone conferencing. Hearings can be conducted on sequential or non-contiguous days, as necessary to promote efficiency and fairness. To the extent it will not unduly increase the cost of the arbitration, the arbitrator should defer to the Associate's location preferences.

**Rule 18. Closing of Hearing; Rendition of Award.**

A. When a Claimant has been fully heard on a claim or cause of action but has failed to produce evidence permitting the arbitrator to find in his favor, the arbitrator will close the hearing as to that claim or cause of action.

B. The arbitrator must close a hearing once: (1) the Parties have introduced all admissible evidence; or (2) he has heard enough evidence to fairly decide all the issues before him.

C. Within 30 days of the close of the hearing, the arbitrator will email a final award supported by findings of fact and conclusions of law to the Parties.

**Rule 19. Appeals and Enforcement of Orders.**

A. An arbitrator may reconsider an interlocutory award or order at any time.

B. The arbitrator's final award is not subject to appeal, except to the extent provided by applicable state and federal law.

C. A Party may seek the assistance of a court to enforce any order, award or subpoena issued by the arbitrator.

**Rule 20. Effect of Serving Pleadings; Sanctions; Costs.**

A. By serving a pleading, discovery request or response, a Party certifies that the statements made in it are true, to the best of his knowledge and belief.

B. Sanctions may be awarded against a Party who unreasonably delays proceedings, engages in abusive tactics, or unreasonably takes positions not supported by evidence or established law, but not for conduct that causes trivial or de minimis expense.

C. A Party must be placed on notice of sanctionable conduct within a reasonable time of its occurrence. Absent notice, sanctions may not be recovered.

D. The arbitrator may not award sanctions in excess of the monetary loss caused by sanctionable conduct. To the extent permitted by law, he may award attorney's fees as sanctions only if the attorney's fees are not already included in an award in favor of a prevailing Party.

E. To the extent permitted by law, the arbitrator may award against an Associate sanctions consisting of that portion of the fees charged by the arbitrator and Program Administrator as a result of sanctionable behavior.

F. To the extent permitted by law, the arbitrator has the authority granted to a U.S. District Court Judge sitting where the events giving rise to the Case took place to award costs, but may never award fees charged by the arbitrator and Program Administrator as a cost.

G. Motions to assess sanctions and costs may not be filed until after receipt of the arbitrator's final award disposing of all other issues in the Case, and are waived unless filed within 10 working days of the award.

**Rule 21. Amendment of Rules.**

A. JCPenney may amend any Rule to clarify it or correct typographical errors.

B. If, in the course of a Case, if a Rule or subpart thereof is deemed unenforceable by a court or arbitrator, it will be considered stricken from these Rules insofar as that particular Case is concerned. JCPenney may thereafter amend these Rules to delete any such Rule or subpart, thus preventing its application to future Cases.

C. Amendments only apply to Cases commenced 90 days after publication of the amendment.

ARBITRATION DEADLINES

| Days | Counting From | Pleading Due |
|---|---|---|
| 45 After | Delivery of Complaint | Answer |
| 10 After | List of Arbitrators | Involved Persons & Entities List for Conflicts Check and List of Strikes |
| 5 After | Amendments | Request for Postponement |
| 10 After | Motion for Summary Disposition | Opposition |
| 25 After | Discovery Requests | Responses |
| 55 Before | Hearing on Merits | Motion for Summary Judgment |
| 10 After | Motion for Summary Judgment | Opposition |
| 20 After | Opposition to Summary Judgment | Ruling on Summary Judgment Motion |
| 45 Before | Hearing on Merits | Expert Disclosures |
| 20 After | Expert Disclosure | Rebuttal Expert Disclosures |
| 20 Before | Hearing on Merits | Pre-hearing Statements |
| 15 Before | Hearing on Merits | Bifurcation Requests |
| 10 Before | Hearing on Merits | Objections to Deposition Excerpts & Exhibits |
| 5 Before | Hearing on Merits | Responses to Objections; Deposition Pages and Exhibits listed in Pre-hearing Statements |
| 10 After | Award | Motions for Costs & Sanctions |