IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SONDAI AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2207-JAR-TJJ |
| | ) | |
| J.C. PENNEY CORPORATION, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and

Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2),

may file written objections to this Report and Recommendation.  A party must file any

objections within the fourteen-day period if that party wants to have appellate review of the

proposed findings of fact, conclusions of law, or recommended disposition.  If no objections

are timely filed, no appellate review will be allowed by any court.

### Nature of the Matter Before the Court

Defendants have filed a Motion to Stay the Case Pending Arbitration (ECF No. 9),

asserting Plaintiff signed a Binding Arbitration Agreement in which she agreed to arbitrate

claims for discrimination and retaliation which could have arisen out of her employment with

JCPenney.  Plaintiff opposes the motion, arguing that the agreement contains a waiver of her

constitutional right to a jury trial which cannot be enforced because Defendants have failed to

meet their burden to show the waiver was knowing and voluntary.  Plaintiff does not deny having signed the agreement.

## Background

After working for a time as a temporary employee, Plaintiff became a full-time employee of JCPenney on October 28, 2013.  She was required to complete what Defendant refers to as its onboarding process, which assigned her an employee number and allowed her access to the Associate Kiosk and various other databases at JCPenney.  The password-protected process requires a new employee to electronically review, complete, and/or sign various forms containing personal data such as a Form W-4, Associate Discount Card, Benefit Summary Plan Description, and Binding Mandatory Arbitration Form.  A new employee must electronically accept the Binding Mandatory Arbitration within seven days of the employee's hire date; if not timely accepted, the system automatically terminates the person's employment on day eight.

Plaintiff electronically signed three forms on October 28, 2013, including the Binding Mandatory Arbitration Agreement.  The document recites an agreement by Plaintiff and JCPenney that they would arbitrate all claims not specifically excluded,[1] including claims for (1) discrimination, including harassment and hostile work environment; (2) retaliation for exercising protected rights; and (3) any claim listed above brought against a supervisory or

---

[1] Excluded matters are claims for unemployment compensation, workers compensation, under a pension or welfare benefit plan, and under the National Labor Relations Act.  ECF No. 10-1 at 11.

management employee of JCPenney explicitly or implicitly alleged to have been acting in the course and scope of her employment.

In her complaint, Plantiff alleges JCPenney discriminated and retaliated against her on the basis of her protected class and exercise of protected conduct. She alleges her supervisor, Tarah Torrez, is liable because she occupied a corporate management role for JCPenney, which included supervising Plaintiff and many others, and acted in the interest of JCPenney.

## Legal Standard

The FAA authorizes a federal district court to compel arbitration when it would have jurisdiction over a suit on the underlying dispute and obligates the court to stay litigation on matters that the parties have agreed to arbitrate.[2] The FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements."[3] Despite its liberal policy, the FAA "does not require parties to arbitrate when they have not agreed to do so."[4] Rather, courts must enforce agreements to arbitrate, like other contracts, in accordance with their terms.[5] Before the FAA can be invoked, a court must determine whether the parties reached an agreement to arbitrate.[6] Under the FAA, a court should compel arbitration if it finds that (1) a valid

---

[2] *See* 9 U.S.C. §§ 4, 3.

[3] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[4] *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 478 (1989).

[5] *Id.*

[6] *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997).

arbitration agreement exists between the parties; and (2) the dispute before it falls within the scope of the agreement.[7]

A presumption of arbitrability arises if a contract contains an arbitration clause, particularly if the language in question is "broad and sweeping."[8]  Any doubt concerning arbitrability of a dispute should be resolved in favor of arbitration.[9]

## Analysis

The parties approach this issue very differently.  Defendants frame the issue as whether the only forum available to Plaintiff is arbitration because she accepted JCPenney's Binding Arbitration Agreement.  Plaintiff, on the other hand, casts Defendants' motion as an effort to improperly deprive her of her constitutional right to jury trial.  In support of her argument, Plaintiff cites cases that address the requirement that any waiver of a right to jury trial must be knowing and voluntary.  Interestingly, one of the cases discusses both a jury trial waiver and an arbitration agreement.

In *Silc v. Crosetti*, 956 F. Supp. 2d 957 (N.D. Ill. 2013), defendant filed a motion to strike plaintiffs' jury demand and relied on a waiver of right to jury trial contained in a series of promissory notes and a guaranty executed by plaintiffs.  The court determined the promissory

---

[7] *Funderburke v. Midland Funding, L.L.C.,* 12-2221-JAR/DJW, 2013 WL 394198, at *2 (D. Kan. Feb. 1, 2013).

[8] *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995).

[9] *LDS, Inc. v. Metro Can. Logistics, Inc.,* 28 F. Supp. 2d 1297, 1299 (D. Kan. 1998).

notes and guaranty did not control the issues in the lawsuit, thereby rendering moot the jury

trial waiver. Instead, the court found the operative document to be the parties' Stock and

Membership Interest Agreement, which contained an arbitration provision. But because no

party had invoked the arbitration provision or moved to compel arbitration, the arbitration

provision was of no consequence. The court addressed the intersection of jury trial waiver and

an agreement to arbitrate as follows:

> An arbitration clause in a contract constitutes a deliberate selection
> by the parties of an alternative method of dispute resolution that
> involves neither courts nor juries. Since the Seventh Amendment
> right to trial by jury is incident to and predicated upon the right to a
> federal judicial forum, an arbitration provision waives the right to
> resolve a dispute through litigation in a judicial forum and *implicitly
> and necessarily waives the parties' right to a jury trial*.[10]

   As this passage demonstrates, signing an agreement to arbitrate constitutes a knowing

and voluntary waiver of the right to a jury trial, even if waiver is not explicitly mentioned.[11]

---

[10] *Silc v. Crossetti*, 956 F. Supp. 2d 957, 958 (N.D. Ill. 2013) (internal citations omitted) (emphasis added).

[11] Defendants cite three cases in support of this proposition (ECF No. 18 at 5): *Urbanic v. Travelers Ins. Co.*, No. 10-cv-02368-WYD-MJW, 2011 WL 1743412, at *9 (D. Colo. May 6, 2011) (holding plaintiff's employment claims subject to arbitration and rejecting plaintiff's argument he did not "knowingly waive his rights to a jury trial" because "'[a] party waives its right to a jury trial by signing an agreement to arbitrate, . . . and there is no constitutional right to a jury trial on claims which are required to be arbitrated pursuant to a valid arbitration provision'") (citations omitted); *Richardson v. Citigroup, Inc.*, No. 12-cv-0485-WJM-KMT, 2014 WL 3892967, at *1 (D. Colo. Aug. 8, 2014) ("By signing the arbitration policy in his Employee Handbook, Plaintiff agreed to make 'arbitration the required and *exclusive* forum for the resolution of all employment disputes.' The right to trial by jury is waivable, and Plaintiff waived such right when he signed the arbitration policy") (citations omitted); *Leone v. Owsley*, No. 12-cv-02961, 2016 WL 9735714, at *2 (D. Colo. June 21, 2016) (noting the obvious consequence of an arbitration agreement is a waiver of the right to a jury trial).

The appropriate inquiry is therefore whether Plaintiff's claims are subject to mandatory arbitration by virtue of the Binding Arbitration Agreement.

JCPenney presented Plaintiff with an electronic version of its Binding Arbitration Agreement, as it does with every new employee, along with other documents "which were described to her as documents required to become an employee of JCPenney."[12]  Although JCPenney asserts Plaintiff was told she had seven days to electronically sign the Agreement, Plaintiff denies being told she had any additional time beyond the day it was presented to her as she was completing the onboarding process.  Accepting Plaintiff's denial for purposes of this motion, the length of time she was allowed is of no consequence.  She admittedly understood she was required to accept the Agreement as a condition of her employment, which is precisely what JCPenney intended.  Had she not accepted the Agreement in the first seven days of her employment, her employment would have terminated.

Although Plaintiff does not articulate her argument as such, she is essentially challenging the validity of the arbitration agreement because JCPenney did not explain it to her and she was simply told to sign it.  Her argument is unavailing.  "In Kansas, a contracting party is under the duty to learn the contents of a written contract before signing it.  As a result of this

_____

[12] Plaintiff's Response to Defendants' Motion to Stay Case Pending Arbitration (ECF No. 17) at 4.

duty, a person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms.  This principle applies to arbitration agreements."[13]

Plaintiff also denies having an opportunity to negotiate the terms of the Agreement and states she would not have known that arbitration precludes a jury trial.  She describes herself as lacking in sophistication, specifically stating her education was limited and denying any prior experience with legal claims or lawsuits.  Plaintiff offers no legal support for her argument, nor does she indicate she questioned the Agreement's meaning or otherwise made any effort to better understand the consequences of signing it.  "Mere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context."[14]

The Agreement includes the following language: "My employer and I voluntarily agree to resolve disputes arising from, related to, or asserted after the termination of my employment through mandatory binding arbitration under the jcpenney [sic] Rules of Employment Arbitration.  My employer and I voluntarily waive the right to resolve these disputes in courts."[15] The rules relating to the Agreement, which are incorporated therein, specifically include an agreement to arbitrate claims for discrimination, retaliation, wrongful termination,

---

[13] *Felling v. Hobby Lobby, Inc.*, No. 04-cv-2374-GTV, 2005 WL 928641, at *4 (D. Kan. Apr. 19, 2005) (internal quotations and citations omitted).

[14] *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991).

[15] JCPenney Binding Arbitration of Employment Disputes (ECF No. 10-1 at 5).

and claims brought against a supervisory or management employee alleged to have been acting in the course and scope of her employment.[16]  In her complaint, Plaintiff asserts a claim against JCPenney for discrimination and retaliation on the basis of being a member of a protected class.  She also asserts a claim against JCPenney and Plaintiff's supervisor, Tarah Torrez, for discrimination and retaliation for exercising protected conduct.

Plaintiff does not dispute the terms of the Agreement or its scope.  The Court concludes that a valid arbitration agreement exists and all of Plaintiff's claims fall within its scope. Accordingly, the Court recommends that this action be stayed while Plaintiff's claims are submitted to arbitration.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED THAT** Defendant's Motion to Stay the Case Pending Arbitration (ECF No. 9) be granted.

Respectfully submitted.

Dated in Kansas City, Kansas, on this 1st day of October, 2018.

Teresa J. James
U. S. Magistrate Judge

---

[16] JCPenney Rules of Employment Arbitration (ECF No. 10-1 at 8).